HERMENEGILDO HANCE, Plaintiff and Appellant, v. R. MÉNDEZ & HNO., Defendant and Appellee.

No. 7684. Argued March 23, 1939.—Decided April 28, 1939.

*Luis Apellániz Storer*, for appellant; *E. H. F. Dottin*, for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

On the 24th of November, 1937, when this Court reversed the judgment rendered by the lower court on the 6th of April, 1935, the judgment for plaintiff was rendered, and sentenced the defendant to pay $3,000 and costs (52 P.R.R.___). Nothing was said as to attorneys fees.

Within the legal term the plaintiff filed in the district court his memorandum of costs, and among the items included one for $1,000 for attorneys fees. The defendant impeached it as to various items, among them that of attorneys

fees, and when the issue was submitted the Court ordered the modification of some of the impeached items, and denied others. The item for attorneys fees was denied because the Court understood they had not been granted by the judgment rendered by this Court.

The plaintiff appealed and by stipulation of the parties the review was limited to the item concerning attorneys fees.

The only issue to be decided in this appeal is whether the payment of costs as required by the judgment of this Court included attorneys fees or not. The appellant maintains that the judgment rendered by this Court in the appeal proceeding on the 24th of November, 1937, was the one which the District Court should have rendered on the 6th of April, 1935, and since at this latter date, according to the law then in force, as it has been often interpreted by this Court, the word ''costs'' in a judgment included attorneys fees unless they were expressly excluded by the Court rendering the decision, therefore the grant of costs by this Court without excluding them, means that they were included and so plaintiff has a right to have them appraised in the memorandum of costs.

The appellee alleges that the law applicable is not that which was in force at the time when the judgment of the lower court was rendered, but the one in force on November 24, 1937, when the judgment of this Court was rendered, and as this is so in accordance with Section 327 of the Code of Civil Procedure, as amended by Act No. 69 of the 11th of May, 1936 (Session Laws, 354), as well as by Act 94 of the 11th of May, 1934 (Session Laws, 240), the sentence for costs does not include attorneys fees, unless such are expressly included, therefore the allowance of costs in the judgment of the 24th of November, 1937, does not include such fees.

Under the law in force on the 6th of April, 1935, as well as that in force on the 24th of November, 1937, the allowance of attorneys fees is a question which lies in the discretion

of the trial court, taking into consideration the stubborness and degree of fault of the party against whom judgment is rendered. The only difference. between the two acts in regard to this matter is that according to the earlier one the allowance of costs include attorneys fees unless they are expressly excluded, while under the latter attorneys fees do not come with the grant of costs, unless they are expressly included, and in this latter case the amount of the same should be specified in the judgment. Consequently, a winning party has no vested right under either one of those acts to an allowance of attorneys fees. It all depends on the discretion of the trial court. It is not like the case of costs proper, which by express provision of law must be always granted to the triumphant party.

It seems to us that the way to determine this controversy is to discover which was the intention of this Court when it granted costs in its judgment of November 24, 1937.

Considering that this Court when it rendered judgment on the 24th of November, 1937, knew the law and the meaning which the word "costs" had at that time, and that if it decided to exercise its discretion in favor of the plaintiff allowing attorneys fees it should have stated so in the judgment, specifying at the same time the amount of the same, because at that date the grant of costs did not include attorneys fees, it is easy to see that since it did not include them it was not its intention to grant them.

Having said nothing regarding attorneys fees, and as they were not included in the allowance of costs when said judgment was rendered, it must be concluded that they were not granted.

This being so, the order appealed from should be affirmed.